# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LISA ANN POPE,

    Plaintiff,

  vs.                                                  Civ. No. 18-867 SCY

ANDREW SAUL, Commissioner of Social
Security,[1]

    Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**THIS MATTER** is before the Court on the Social Security Administrative Record filed January 7, 2019, Doc. 16, in support of Plaintiff Lisa Ann Pope's Complaint, Doc. 1, seeking review of the decision of Defendant Andrew Saul, Commissioner of the Social Security Administration, denying Plaintiff's claim for disability insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. On May 31, 2019, Plaintiff filed her Motion to Reverse and Remand To Agency for Rehearing, With Supporting Memorandum. Doc. 27. The Commissioner filed a Brief in Response on July 31, 2019. Doc. 29. Plaintiff filed her Reply on August 6, 2019. Doc. 30. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). Having meticulously reviewed the entire record and the applicable law and being fully advised in the premises, the Court finds the Motion is well taken and is **GRANTED**.

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 9, 24, 25.

## Background and Procedural Record

Plaintiff Lisa Ann Pope alleges that she became disabled on October 1, 2014 because of foot surgery, depression, and stress seizures. Doc. 27 at 3; Administrative Record ("AR") at 280. Ms. Pope attended one year of college and completed specialized training to be a medical assistant. AR 281. She has past relevant work as a home attendant/home health aide. AR 78-79.

On January 16, 2015, Ms. Pope filed a claim of disability under Titles II and XVI. AR 86. Her applications were initially denied on August 19, 2015, AR 86-87, and upon reconsideration on February 11, 2016, AR 112-13. Administrative Law Judge ("ALJ") Lillian Richter conducted a hearing on April 26, 2017. AR 36. Ms. Pope appeared in person at the hearing with attorney representative Nichols Stiver. *Id.* The ALJ took testimony from Ms. Pope, her sister Jessica Baca, and an impartial vocational expert ("VE"), Thomas G. Mongall, III. AR 36, 363.

On October 10, 2017, ALJ Richter issued an unfavorable decision. AR 11. The Appeals Council denied review on July 15, 2018. AR 1. The ALJ's decision is the Commissioner's final decision for purposes of judicial review. Ms. Pope proceeded to federal court on September 14, 2018. Doc. 1.

## Applicable Law

A.  Disability Determination Process

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-

step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[3] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

(2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment(s) or combination of impairments that is severe and meets the duration requirement, she is not disabled.

(3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5) If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the

---

[3] Substantial work activity is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). Work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before. *Id.* Gainful work activity is work activity that you do for pay or profit. 20 C.F.R. §§ 404.1572(b), 416.972(b).

3

> Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.  Standard of Review

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118, or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005). Therefore, although an ALJ is not required to discuss every piece of evidence, "the record must demonstrate that the ALJ considered all of the evidence," and "the [ALJ's] reasons for finding a claimant not disabled" must be "articulated with sufficient particularity." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## Analysis

At step five, the burden shifts to the Commissioner to prove that the claimant can perform other work existing in significant numbers in the national economy. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). Relying on *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005), Ms. Pope argues that the ALJ failed to reconcile inconsistencies between her own finding that Ms. Pope is "limited to simple, routine work," AR 18, and the VE's testimony that Ms. Pope can perform jobs existing in significant numbers that, according to the Dictionary of Occupational Titles, require a reasoning level of three; *i.e.*, microfilm document preparer and surveillance systems monitor, AR 24. Doc. 27 at 12-14.

The Dictionary of Occupational Titles classifies each job according to its required "General Educational Development" (GED). This classification "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Components of the Definitional Trailer, Appx. C, § III, 1991 WL 688702. "The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development." *Id.* The "reasoning" scale runs from one to six, with six signaling jobs that call for the most complex reasoning. A reasoning level of three indicates a job that requires the application of "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and requires "[d]eal[ing] with problems involving several concrete variables in or from standardized situations." DOT, Appx. C, § III, 1991 WL 688702.

The Tenth Circuit has held that "an ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). After the Tenth Circuit's holding in *Haddock*, the Social Security Administration promulgated Social Security Ruling ("SSR") 00-4p and further clarified the ALJ's affirmative responsibility to ask about such conflicts. SSR 00-4p instructs that

> [w]hen vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified.

2000 WL 1898704, at *4.

The Tenth Circuit has also addressed the interplay between a claimant's RFC and the reasoning levels of identified jobs. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). In *Hackett*, the Tenth Circuit agreed with the claimant that a restriction to simple and routine work is inconsistent with a finding that a claimant can perform work requiring level-three reasoning. *Id.* at 1176. It held that an ALJ may not conclude that a claimant who is restricted to "simple and routine work tasks" can perform a reasoning-level-three job without addressing this conflict. *Id.* The Tenth Circuit recognized that remand in such circumstances is "unfortunate," and expressed concern that the conflict had not been raised at the administrative hearing. *Id.* "[H]ad this conflict been raised at that time, the ALJ could have responded by explaining or changing his ruling." *Id.* But because the issue was not raised, the conflict was unexplained, and remand was required to give the ALJ an opportunity to explain the conflict. *Id.*

Here, the ALJ offered a boilerplate sentence that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR 24. This boilerplate fails to acknowledge and resolve the apparent conflict between the DOT and the VE's testimony about the microfilm document preparer and surveillance systems monitor jobs.[4] In *Hackett*, the Tenth Circuit found that a limitation to "simple routine work tasks" is more consistent with jobs requiring level-two reasoning. 395 F.3d at 1176. The conflict between the ALJ's RFC and the jobs identified in this case is exactly the same conflict the Tenth Circuit addressed in *Hackett*: a limitation to "simple, routine work" is inconsistent with reasoning-level-three jobs. AR 18; *Hackett*, 395 F.3d at 1176. Under *Hackett* and SSR 00-4p, therefore, the ALJ

---

[4] Ms. Pope is correct that both jobs require a reasoning level of three. *See* DOT #249.587-018, 1991 WL 672349 (Document Preparer, Microfilming); DOT #379.367-010, 1991 WL 673244 (Surveillance-System Monitor).

was required to evaluate the apparent conflict and, based on his assessment of this conflict, either (1) explain why it was reasonable to conclude that Ms. Pope would be able to satisfy the specific characteristics of the jobs at issue despite the apparent conflict between the job requirements and her abilities, or (2) reject the VE testimony due to the conflict.

In his response, the Commissioner asks the Court to excuse the ALJ's failure to conduct the above analysis because the reasoning-level code does not correspond to whether the job is skilled or unskilled, but instead to the level of training and education the job requires. Doc. 29 at 16-17. Because Ms. Pope has the education necessary to perform her past relevant work as a home health aide, which is also coded as reasoning-level-three, it logically follows that she can perform work with similar educational requirements. *Id.* at 17. The restriction to simple, routine tasks is related to Ms. Pope's current mental impairments, the Commissioner argues, and does not necessarily have anything to do with her past education. *Id.* at 15. Ms. Pope's educational background remains the same as when she was able to perform the job of a home health aide. *Id.* at 15-17.

Numerous unpublished cases in the Tenth Circuit agree that the reasoning level of a job does not correspond to whether the job is skilled or unskilled. *See Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) ("GED does not describe specific mental or skill requirements of a particular job, but rather describes the general educational background that makes an individual suitable for the job . . . ."); *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012) ("Job descriptions in the Dictionary of Occupational Titles contain several elements required to perform a specific job, including a claimant's GED, which is the level of formal and informal education required to perform a specific job. There is no genuine dispute that Mounts retained the GED to perform the jobs as an appointment clerk, escort vehicle driver, or dispatcher, as

testified to by the VE."); *Sandoval v. Barnhart*, 209 F. App'x 820, 825 (10th Cir. 2006) ("[t]he adequacy of Ms. Sandoval's educational development is not in dispute"). However, these cases did not cite *Hackett*, much less reconcile their reasoning with its holding. And because they are unpublished, they are not precedential. 10th Cir. R. 32.1(A). Lower courts, therefore, must follow *Hackett* over the unpublished cases. The fact that *Hackett* did not consider this particular argument does not undermine its precedential effect.

Also contrary to the Commissioner's argument, Doc. 29 at 18, Ms. Pope's prior work at reasoning-level-three is not a distinguishing factor. The claimant in *Hackett* also had a history of successfully performing reasoning-level-three occupations prior to her alleged period of disability. She was "a college graduate who has past relevant experience as a checker/cashier, a director of occupational therapy, a program coordinator for an acute care hospital, an occupational therapist, a wedding coordinator, and a life-care instructor in a group home." *Hackett*, 395 F.3d at 1170. According to the DOT, many of these jobs are reasoning-level-three or higher. *See* DOT #211.462-014, 1991 WL 671841 (Checker/Cashier, reasoning level 3); DOT #299.357-018, 1991 WL 672625 (Wedding Consultant, reasoning level 4); DOT #076.117-010, 1991 WL 646760 (Director of Rehabilitation Services, reasoning level 5). Ultimately, the Commissioner's position amounts to an argument that *Hackett* was wrongly decided and does nothing to address whether *Hackett* is controlling.

The Commissioner also argues that *Hackett* "did not hold that Reasoning Development 3 was necessarily inconsistent with simple and routine work, only that it *appeared* to be." Doc. 21 at 18. "Thus, the *Hackett* Court did not foreclose the possibility that the ALJ could find on remand that there was no such conflict." *Id.* It is true that *Hackett* does not foreclose the possibility that some claimants who are restricted to simple work may be able to perform jobs

9

that require a reasoning level of three. The Tenth Circuit did, however, squarely hold that, unless the ALJ explains why a conflict does not exist, a conflict exists. *Hackett*, 395 F.3d at 1176. Thus, even if the Court were to accept the Commissioner's argument that an ALJ may determine that the reasoning level is relevant only to whether an educated individual like Ms. Pope has the ability to work in a given occupation, the Court would still have to remand to allow the ALJ to engage in the analysis of whether doing so in this case is appropriate. On remand, the ALJ is free to explain the conflict along the lines the Commissioner suggests, or to reject the VE testimony altogether as Ms. Pope suggests. But, at this stage, the ALJ has offered no explanation and so there is nothing to review.

## Conclusion

For the reasons stated above, Ms. Pope's Motion to Reverse and Remand To Agency for Rehearing, With Supporting Memorandum. Doc. 27, is **GRANTED**.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**